IN THE CIRCUIT COURT OF GARLAND COUNTY, ARKANSAS
CIVIL DIVISION

2017 JUL 14 AM 10 44

JEANNIE PIKE
GARLAND CO. CIRCUIT CLERK
BY M[illegible]

DUNCAN BRATTON            PLAINTIFF

VS.

KOMPTECH AMERICAS, LLC AND
POWERSCREEN OF TEXAS      26CV-17-735-III      DEFENDANTS

## COMPLAINT

### JURISDICTION AND VENUE

1. The Circuit Court of Garland County, Arkansas, has jurisdiction of this case because of the fact the Plaintiff is seeking damages against the Defendants in this civil proceeding thereby giving this Court jurisdiction under Ark. Const. Art. 7 § 11 and Ark. Code Ann. § 16-13-201.

2. The venue for this action is in Garland County, Arkansas, pursuant to the provisions of Ark. Code Ann. § 16-60-101 and Ark. Code Ann. § 16-55-213 (Civil Justice Reform Act of 2003).

### PARTIES

3. The Plaintiff is a resident of 256 Springhill Trail, Hot Springs Village, Arkansas 71909.

4. Defendant, Komptech Americas, LLC, has a business address at 10855 Dover Street, Suite 100, Westminister, Colorado 80021.

5. The Defendant Powerscreen of Texas has a business location at

EXHIBIT A

P.O. Box 658, La Grange, Texas 78945.

**FACTUAL BACKGROUND AND ALLEGATIONS COMMON TO ALL COUNTS**

6. This incident occurred on December 7, 2016, at the location of Hot Springs Compost, located in the City of Hot Springs, Garland County, Arkansas.

7. Terry Shaw, an agent, servant and employee of Defendant, Powerscreen of Texas, came to the facility in order to build the ramps and load a machine on the transport trailer.

8. Monte Ledbetter, with the city of Hot Springs, stated that the truck driver, Terry Shaw, knew how to load the unit but was uncomfortable doing so.

9. The truck driver asked Duncan Bratton to build a ramp. The truck driver, Terry Shaw, told Duncan Bratton to drive the machine up on a ramp. Plaintiff, Duncan Bratton, was not trained in loading this kind of machine, and the responsibility for loading the machine was on the Defendants, by and through their agents, servants and employees, and the failure of the Defendants to provide a driver to put the machine on the ramp was a proximate cause of the injuries and damages sustained by the Plaintiff.

10. An agent, servant and employee of Defendant, Komptech Americas, LLC, was on the way to the location of the incident in order to

load the machine but failed to properly notify the Plaintiff and load the machine under these circumstances causing the Plaintiff to load the machine causing the injuries and damages complained of herein.

11. Duncan Bratton was an employee of the compact facility operated by the City of Hot Springs, Arkansas.

12. The truck driver said he wanted to be in Dallas before dark and insisted that it was safe for the Plaintiff to load the machine; therefore, the Plaintiff had to load the machine without proper instruction or training to do so under these circumstances.

13. The loading procedures and operating manual were also missing from the machine, forcing the Plaintiff to operate the machine without any guidance.

14. The truck driver told the boss of the Plaintiff, and a co-worker, that the same type of machine had been flipped over in Florida and that's why he didn't want to do it. This person, who instructed the Plaintiff to load the machine, failed to properly supervise and control the activities of the Plaintiff as he loaded the machine.

## COUNT I

15. As a cause of action and ground for relief, Plaintiff alleges the factual matters described in paragraphs no. 1 through 14, inclusive, of the

Complaint as a part of this Count.

16. This incident was caused by the negligence of the Defendants, which consist of, but is not limited to, the following, which negligence was a proximate cause of the damages and injuries sustained by the Plaintiff, and the negligence of the Defendants took place by agents, servants and employees of the Defendants, who were acting within the scope of their agency and employment, at the time of the negligence, viz:

    a. Failure to use ordinary care under the circumstances;

    b. Failure to properly load the machine on the trailer;

    c. Failure to provide the proper loading procedures and operating manual in the machine;

    d. Negligently failed to discharge the responsibility of the Defendants to load the machines under these circumstances;

    e. Negligently advised the Plaintiff to load the machine;

    f. Were otherwise guilty of negligence which will be more particularly described during the course of the litigation.

## COUNT II

17. As a cause of action and ground for relief, Plaintiff alleges the factual matters described in paragraphs no. 1 through 16, inclusive, of the Complaint as a part of this Count.

18.  There was a contract between the Defendants and the Plaintiff to load the piece of equipment and the Defendants, by and through their agents, servants and employees, breached the contract thereby injuring and damaging the Plaintiff. Plaintiff asserts a breach of contract against the Defendants.

19.  The Defendants had a foreseeable, unreasonable risk of harm to the Plaintiff as a result of the failure of the Defendants under these circumstances so that this is a breach of contract that arises to the level of a tort.

20.  Defendants were aware that this was a risk in not telling the Plaintiff, under these circumstances about the risk, and the driver from the Defendants, not coming, and failing to show up and this led to the requirement of the Plaintiff to load the equipment. This was an unreasonable risk because the equipment was dangerous and the Defendants, by their previous experience, through their agents, servants and employees, knew that this was a risky procedure yet they forced the Plaintiff to load the equipment.

## COUNT III

21.  As a cause of action and ground for relief, Plaintiff alleges the factual matters described in paragraphs no. 1 through 20, inclusive, of the

Complaint as a part of this Count.

22.  Plaintiff alleges the tort of fraud, misrepresentation and deceit in that there was a false representation of a material fact, knowledge that the representation was false or that there was insufficient evidence upon which to make the representation and that this was made with the intent to induce action in reliance upon the misrepresentation of the Plaintiff, and the Plaintiff justifiably relied on the representation and damages were suffered by the Plaintiff as a result of the reliance.

## DAMAGES

23.  Plaintiff sustained injuries and damages, which injuries and damages consist of, but are not limited to, the following, viz:

a. Permanent partial impairment;

b. Past and future medical expense;

c. Past and future pain and suffering;

d. Past and future mental anguish;

e. Loss of the ability to earn in the future;

f. Past and future lost wages;

g. Scars, disfigurement and other visible results of his injuries;

h. Other damages that will be more particularly described during the course of the litigation.

24. Plaintiff demands judgment against the Defendants for a sum in excess of the minimum jurisdictional requirement for Federal Court, costs and all other relief to which the Plaintiff may be entitled.

### JURY DEMAND

25. Plaintiff, pursuant to Rule 38 of the Arkansas Rules of Civil Procedure, demands a jury trial on all factual issues.

DUNCAN BRATTON, PLAINTIFF

By: _____

DAVID A. HODGES
Attorney at Law
Centre Place
212 Center Street, Fifth Floor
Little Rock, Arkansas 72201-2429
Arkansas Bar No. 65021
Telephone: (501) 374-2400
Facsimile: (501) 374-8926
E-Mail: david@hodgeslaw.com
Web: www.hodgeslaw.com